FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR -6  AM 11: 19

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSHUA EARLY, ET AL. | CIVIL ACTION |
| VERSUS | NO. 05-3962 |
| MARLIN GUSMAN, SHERIFF OF ORLEANS, ET AL. | SECTION: "T"(3) |

## REPORT AND RECOMMENDATION

Plaintiffs, Joshua Early, Reginald Wilson, Rickey Glover, and Sylvester Williams, filed the above-captioned *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman and unidentified medical and support personnel. In this lawsuit, plaintiffs complain about various conditions of their confinement within the Orleans Parish Prison system. The complaint plaintiffs signed contained the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."

Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

Correspondence sent to all plaintiffs at their addresses of record have been repeatedly returned to this Court. Rec. Doc. 15 (returned January 22, 2006), Rec. Docs. 16-22 and 25-28 (returned February 1, 2006), Rec. Doc. 24 (returned February 2, 2006), Rec. Docs. 29-30 (returned February 6, 2006), Rec. Docs. 31-33 (returned February 15, 2006), Rec. Doc. 35 (returned March 24, 2006), and Rec. Doc. 36 (returned March 22, 2006).

Out of an abundance of caution, the undersigned issued an order directing plaintiffs to notify the Court of their current addresses on or before March 31, 2006, and warning them that failure to do so would result in a recommendation that this lawsuit be dismissed for failure to prosecute. Rec. Doc. 34. Plaintiffs have not responded to that order.

Because plaintiffs have not met their obligation to keep the Court informed of their whereabouts by filing changes of address, the Court has no way to contact them or advance their case on the docket. Therefore, it is now appropriate to dismiss this lawsuit without prejudice for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary

to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiffs are proceeding *pro se*, the Court need only consider their conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiffs have failed to provide this Court with their current addresses. This Court has no way to contact them to schedule a preliminary conference or to otherwise advance their case.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiffs' complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 5 day of April, 2006.

DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE